## Resnick & Cohen *v.* Firth, Appellant.

*Carriers—Loss of parcel—Failure. to deliver—Status of carrier —Case for jury.*

In an action for damages for loss of a parcel where the evidence was entirely oral, and the defendant claimed to be a forwarder only and not a common carrier, the case was for the jury to determine whether or not the package had been delivered to the defendant; whether or not he had undertaken to deliver the parcel at its destination, and if such questions were decided in favor of the plaintiff, the value of the goods which were lost. In such circumstances, it was competent for the defendant to produce evidence as to the exact relation in which he stood to the parties from whom

he received the merchandise, and the exact nature of the business he was doing.

Argued October 10, 1919.  Appeal, No. 138, Oct. T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, Sept. T., 1918, No. 123 on verdict for plaintiff in the case of A. Resnick and M. Cohen, trading as Resnick & Cohen, v. James N. Firth.  Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.  Reversed.

Assumpsit to recover damages for loss of package while in custody of the defendant.  Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff for $183.23 and judgment was entered thereon.  Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and in giving binding instructions for the plaintiff.

*Bertram D. Rearick,* for appellant.—The defendant was entitled to submit evidence as to the character of his employment: Blakiston v. Davies, 42 Pa. Superior Ct. 390; Newman v. Romanelli, 244 Pa. 147; Rice v. Lake Township, 40 Pa. Superior Ct. 337; Second National Bank v. Hoffman, 229 Pa. 429.

The defendant should have been allowed to prove his agency: Bellman v. Railway Company, 31 Pa. Superior Ct. 389; Buchholtz v. Barrie, 36 Pa. Superior Ct. 454; Fee v. Adams Express Co., 38 Pa. Superior Ct. 83.

*D. H. Cohen,* of *Englander & Cohen,* for appellee.

OPINION BY PORTER, J., February 28, 1920:
The plaintiffs brought this action of assumpsit to recover the alleged value of a package of merchandise which

they averred in their statement they had delivered to the defendant who had accepted the same and undertaken to deliver it to a customer at Norristown. The statement did not aver that the defendant was a common carrier, but did aver that the defendant had undertaken to deliver the package at Norristown and had failed to do so. The defendant in his answer averred that he was not a common carrier, but merely an agent maintaining an office for the receipt of packages on account of other persons who were carriers; that all packages received by defendant were received as such agent and were by him duly and promptly delivered to the proper carrier for transportation. The answer denied that plaintiffs had delivered to the defendant the package in question. The answer averred that the defendant had no knowledge of the package or its contents, demanded proof of all the facts and of the contents of the package and the value thereof. The case was tried before a jury, which, under binding instructions by the court rendered a verdict in favor of the plaintiffs upon which judgment was entered. The defendant appeals.

One of the plaintiffs testified that he had himself put up the package, stating the contents and value thereof and that he had handed it over to his teamster to be taken to the office of the defendant. The books of the firm offered in evidence contained the charges made at the time against the customer of the firm at Norristown, and taken in connection with the oral evidence were sufficient to carry the case to the jury upon the questions of the value of the goods and the delivery thereof to the teamster. The teamster, Brennan, was called as a witness and testified that he had delivered the package to this defendant, who had signed his initials to a paper upon receiving the same. This paper purported to be an ordinary invoice, not a shipping receipt or bill of lading, it stated that the package was from the plaintiffs and for S. Jadovsky, Norristown, Pa., it seemed to bear conflicting dates, and under the words "Please Sign" appeared the

initials "J. N. F." alleged to have been signed by the defendant. The jury would have been warranted in finding under the evidence that. this was intended as a receipt for a package, but it could not be determined from the face of the paper what the. defendant had undertaken to do with the package. Brennan was the only witness for the plaintiffs whose testimony tended to throw any light upon that subject and he testified that nothing whatever was said as to how the packages were to be delivered. He did testify that upon the defendant's office was the sign "General Express." This was the only testimony produced by the plaintiffs as to the character of the business in which the defendant was engaged, or held himself out to be engaged. It thus appeared that the only information which the plaintiffs possessed with regard to the business which the defendant was carrying on was derived from Brennan, their agent. This being so it was competent for the defendant to prove that he had in conversations with Brennan, prior to the transaction now involved, stated the exact character of the business which he was doing. It was competent for the defendant to produce evidence as to the exact relation in which he stood to parties from whom he received merchandise and the several carriers who were to deliver the merchandise at distant points, in view of the meagre evidence produced by the plaintiffs relating to those questions: Blakiston v. Davies, 42 Pa. Superior Ct. 390. The first, second and third specifications of error are sustained.

If the defendant was acting as a forwarder, not as a common carrier, or if he was merely an agent acting for different carriers, yet if he received a package which was the property of the plaintiffs and failed to forward it or deliver it to the principal for whom he was acting, he would, in the absence of explanation, still be liable for misappropriation of the package, and the court would not have been warranted as the case then stood in giving binding instructions in favor of the defendant. The fourth specification of error is overruled. But even as the case

then stood, being entirely dependent upon oral testimony, it remained for the jury to determine the following questions.    Was the package delivered to the defendant? Had the defendant undertaken to deliver the package to the customer at Norristown, and if both of these questions were determined in favor of the plaintiffs, then what was the value of the goods?    The learned judge of the court below fell into error in giving binding instructions in favor of the plaintiffs.

The judgment is reversed and a venire facias de novo awarded.